UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,                5:19-cv-00936 (BKS/TWD)

v.

MARION LANCOR a/k/a MARION B. LANCOR,
NORTHERN FEDERAL CREDIT UNION, CAPITAL
ONE BANK (USA), N.A.,

                Defendants.

---

**Appearances:**

*For Plaintiff:*
Cynthia Malone
Sherri Jennifer Smith
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.  INTRODUCTION

Plaintiff United States of America brings this action seeking to foreclose a mortgage encumbering 27058 State Route 3, Watertown, New York ("the Property"). (Dkt. No. 1).[1] Defendant Marion Lancor, also known as Marion B. Lancor, the owner and mortgagor of the Property, and Defendants Northern Federal Credit Union ("Northern Federal") and Capital One Bank (USA), N.A. ("Capital One") have failed to file an Answer to the Complaint. Presently before the Court is Plaintiff's renewed motion for default judgment under Rule 55(b) of the

---

[1] This Court has jurisdiction under 28 U.S.C. § 1345 as the United States is the Plaintiff in this action.

Federal Rules of Civil Procedure. (Dkt. No. 35). For the reasons stated below, Plaintiff's renewed motion for default judgment is denied.

## II. BACKGROUND

Defendant brought its initial motion for default judgment on October 20, 2020. (Dkt. No. 29). The Court denied the motion due to Plaintiff's failure to comply with the procedures required under Article 13 of New York Real Property Actions and Proceedings Law ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301–1392, and directed Plaintiff that any renewed motion must address the noted deficiencies. (Dkt. No. 34). The Court assumes familiarity with the facts of this case, as set forth in its previous decision.

## III. DISCUSSION

### A. Compliance with RPAPL

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015).[2] To state a valid mortgage foreclosure claim, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *OneWest Bank, N.A.*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Second, Plaintiff must comply with the RPAPL service and filing requirements: (1) service of the statutory notice on the mortgagor prior to commencing the action,[3] (2) service of the statutory notice on the

---

[2] *See also* 42 U.S.C. § 1475(b) (providing that, in foreclosing on a rural housing loan mortgage, "the Secretary shall follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed").

[3] Section 1304 of the RPAPL requires the lender to serve a statutory notice entitled "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY" on the borrower at least ninety

2

mortgagor with the summons and complaint,[4] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[5] (4) service of a summons containing specified language,[6] and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York C.P.L.R. § 6511(a).[7] *Id.*

As the Court previously determined in ruling on Plaintiff's initial motion for default judgment, Plaintiff established the common-law elements of a mortgage foreclosure claim and did make the filing required by Section 1306 with the New York State Department of Financial Services. (Dkt. No. 34, at 7). However, Plaintiff's prior motion did not reflect whether Plaintiff had complied with the procedural requirements of Section 1331 regarding the notice of pendency by filing a copy of the Complaint. In the renewed motion, Plaintiff has cured this deficiency and provided evidence that a copy of the Complaint was filed with the Jefferson County Clerk. (Dkt. No. 35, at 27–31).

In its prior decision, the Court also noted that Plaintiff's compliance with the notices required by Sections 1303 and 1304 depended on whether the property was owner-occupied. The

---

days before commencing the foreclosure action. N.Y. R.P.A.P.L. § 1304; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.3.

[4] Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.4.

[5] Section 1306 of the RPAPL requires the lender to file the "New York State Department of Financial Services' form containing the borrower's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage" within three business days of mailing the Section 1304 notice. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.5.

[6] Section 1320 of the RPAPL requires the lender to serve a summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice "in boldface" that reads "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME." N.Y. R.P.A.P.L. § 1320.

[7] Section 1331 of the RPAPL requires that the plaintiff, "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. R.P.A.P.L. § 1331. New York C.P.L.R. § 6511(a) requires that, unless the complaint has already been filed in the county in which the property affected is located, the complaint must be filed with the notice of pendency. N.Y. C.P.L.R. § 6511(a).

only information Plaintiff had provided the Court as to whether the property was owner-occupied was Plaintiff's allegation in the Complaint that, "[u]pon information and belief," the Property was "currently vacant." (Dkt. No. 1, ¶ 15). In its renewed motion, Plaintiff has submitted evidence that the Property was vacant at the time the Complaint was served. Specifically, Plaintiff has submitted the results of an inspection performed by Mortgage Contracting Services on March 21, 2019, including a "Vacancy Certificate" certifying that "the undersigned performed the attached vacant inspection and has personally gone to the property location and confirmed the property is vacant." (Dkt. No. 38, at 28). As the Court has now been provided with evidence that the Property was vacant at the time the summons and complaint were served, the Court can determine that Plaintiff did comply with Sections 1303 and 1304.[8]

Plaintiff had previously not alleged that it complied with Section 1320, which requires a special summons in private residence cases. Unlike Section 1303, Section 1320 is not limited to "owner-occupied" dwellings; under Section 1320, the requisite notice on the summons must be provided in an action to foreclose a mortgage "on a residential property containing not more than three units." N.Y. R.P.A.P.L. § 1320. The Court directed Plaintiff to provide some authority permitting it to proceed in this action without having complied with Section 1320. (*See* Dkt. No. 34, at 8). In response, Plaintiff first argues that Section 1320 "is a procedural statute governing State Court Summons' [sic]." (Dkt. No. 35, ¶ 10). The Court cannot find, and Plaintiff has not cited to, any authority in support of this position. The statute does not indicate that it is

---

[8] Because the Property was vacant, Plaintiff was not required to include the Section 1303 "Help for Homeowners in Foreclosure" notice with the summons and complaint and did not have to comply with the ninety-day waiting period under Section 1304 before commencing this action. *See* N.Y. R.P.A.P.L. § 1303 (requiring "Help for Homeowners in Foreclosure" notice with the summons and complaint for "any mortgagor if the action relates to an *owner-occupied* one-to-four family dwelling") (emphasis added); *see Butler Capital Corp. v. Cannistra*, 891 N.Y.S.2d 238, 245 (Sup. Ct. 2009) ("Pursuant to RPAPL § 1304(3), the 90-day period specified in RPAPL § 1304(1) does not apply '. . . if the borrower no longer occupies the residence as the borrower's principal dwelling.'").

4

applicable only to state court proceedings, *see* N.Y. R.P.A.P.L. § 1320 ("[I]n addition to the usual requirements applicable to a summons in *the court*, the summons shall contain a notice in boldface in the following form . . .") (emphasis added), and numerous cases filed in federal courts within the Second Circuit have complied with this requirement. *See Ditech Fin. LLC v. Frantz*, No. 16-cv-146, 2017 WL 1184206, at *4, 2017 U.S. Dist. LEXIS 46303, at *9 (N.D.N.Y. Mar. 29, 2017) ("Plaintiff also served, with the summons and complaint, notices pursuant to RPAPL § 1303 and § 1320."); *Ditech Fin. LLC v. Sterly*, No. 15-cv-1455, 2016 WL 7429439, at *4, 2016 U.S. Dist. LEXIS 177934, at *9 (N.D.N.Y. Dec. 23, 2016) (same); *Nationstar Mortg. LLC v. Robinson*, No. 18-cv-6590, 2019 U.S. Dist. LEXIS 118972, at *6 (W.D.N.Y. July 17, 2019)[9] ("Plaintiff has demonstrated that it served Defendant with the summons and complaint, certificate of merit, and notices pursuant to RPAPL §§ 1303 and 1320.").[10] As such, the Court rejects Plaintiff's assertion that Section 1320 is only applicable to state court summonses.

Plaintiff also argues that under *Aronson v. Callahan*, 83 N.Y.S.3d 792, 793–94 (Sup. Ct. Apr. 17, 2018), a failure to comply with Section 1320 may be disregarded "if a substantial right of a party is not prejudiced." (Dkt. No. 35, ¶ 11). Plaintiff asserts that here there is no prejudice because Defendant Lancor "vacated the property prior to the foreclosure," "proceeded to file a Chapter 7 Bankruptcy" in which she noted that the Property was vacant and she was surrendering it, "and never appeared in the instant foreclosure action." (*Id*. ¶ 12). However, the argument that failure to comply with Section 1320 may be excused where there is a lack of prejudice to a party misconstrues *Aronson*. In *Aronson*, the court noted that, "[w]hile courts may

---

[9] No Westlaw cite is available.

[10] In the *Dietech* cases, the plaintiff used this District's standard summons form (AO 440). *See, e.g., Dietech Fin. LLC v. Frantz*, No. 16-146, Dkt. No. 31-1 (July 21, 2016). The plaintiff's affidavit of service states that, along with the summons and complaint, it served the "1320 NOTICE" on the defendants. *E.g., id.* at Dkt. No. 31-3.

5

disregard a defect or irregularity if a substantial right of a party is not prejudiced, failing to comply with one of the foreclosure reforms['] mandatory conditions precedent *will not be deemed a minor irregularity that can be overlooked*." *Aronson*, 83 N.Y.S.3d at 793–94 (emphasis added) (citation omitted). The court then went on to hold that "[i]nasmuch as the plaintiff admits that he failed to comply with the statutory language of RPAPL § 1320 in his actual summons, that failure is not excused, and the complaint must be dismissed." *Id*. at 794. Here, Plaintiff has failed to comply with "one of the foreclosure reforms['] mandatory conditions precedent" and has cited no other authority in support of its position that its failure to comply with Section 1320 may be excused because of an alleged lack of prejudice to Defendants.

Because Plaintiff has failed to show its compliance with Section 1320 or otherwise provide authority permitting it to proceed in this action without having complied with Section 1320, Plaintiff's renewed motion must be denied.[11]

### B. Monies Owed

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Sec. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence either based upon evidence presented at a

---

[11] Because Plaintiff's renewed motion for default judgment must be denied, the Court does not address Plaintiff's motion for default judgment as to Northern Federal or Capital One.

hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.NY. Sept. 23, 2011).

In ruling on Plaintiff's initial motion for default judgment, the Court determined that Plaintiff had not provided adequate support for the subsidy, escrow, and other fees charges it sought to recover. (Dkt. No. 34, at 12–13). In connection with its renewed motion for default judgment, Plaintiff has submitted an affidavit from Walter Lindsey Jr., a Lead Foreclosure Specialist with the USDA Rural Housing Service. (Dkt. No. 38, at 2–4). Mr. Lindsey provides a schedule indicating that as of May 13, 2021, Defendant Lancor owes:

| | |
|---|---:|
| Unpaid Principal | $49,735.37 |
| Unpaid Interest | 15,227.31 |
| Subsidy to Be Recaptured | 30,894.59 |
| Escrow | 11,220.35 |
| Late Charges | 44.40 |
| Other Fees | 12,840.80 |
| TOTAL: | $119,962.82 |

(*Id.* at 5–7).

To support the subsidy charge, Plaintiff provides the parties' "Subsidy Repayment Agreement" under which Defendant Lancor agreed that "the subsidy is due and payable upon the transfer of title or non-occupancy of the property." (*Id.* at 9–12). Plaintiff also provides an itemization of the "Subsidy Received" on Defendant's account from October 1995 to September 2009; the total subsidy received amounts to $30,894.59. (*Id.* at 14). Accordingly, Plaintiff has provided sufficient support for the subsidy recapture charges.

7

The schedule provided by Plaintiff itemizes the escrow charges, which consist of tax and insurance payments. (*Id.* at 5). These charges also appear on the spreadsheet of account activity provided from Plaintiff's business records. (*Id.* at 16–25). Similarly, the schedule itemizes "other fees," which include Property Management/Caretaker" and "Inspections" fees. (*Id.* at 6–7; *see also id.* at 16–25 (account activity spreadsheet)). Accordingly, the Court finds that Plaintiff has provided adequate support for the escrow and other fees charges.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 35) is **DENIED without prejudice**; and it is further

**ORDERED** that if Plaintiff intends to proceed in this matter, Plaintiff is directed to re-serve the summons and complaint on Defendants, accompanied by the boldface notice required by N.Y. R.P.A.P.L. § 1320; and it is further

**ORDERED** that the Clerk is directed to reissue the summonses in this case to enable Plaintiff to re-serve the summons and complaint on Defendants; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 22, 2021
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge