UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                             Plaintiff,                    5:19-cv-936 (BKS/TWD)

v.

MARION LANCOR a/k/a MARION B. LANCOR,
NORTHERN FEDERAL CREDIT UNION, CAPITAL
ONE BANK (USA), N.A.,

                             Defendants.
_____

**Appearances:**

*For Plaintiff*:
Barry M. Weiss
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff United States of America brings this action seeking to foreclose a mortgage encumbering 27058 State Route 3, Watertown, New York ("the Property"). (Dkt. No. 1).[1] Defendant Marion Lancor, also known as Marion B. Lancor, the owner and mortgagor of the Property, and Defendants Northern Federal Credit Union ("Northern Federal") and Capital One Bank (USA), N.A. ("Capital One") have failed to file an Answer to the Complaint.[2] Presently before the Court is Plaintiff's second renewed motion for default judgment under Rule 55(b) of

---

[1] This Court has jurisdiction under 28 U.S.C. § 1345 as the United States is the Plaintiff in this action.

[2] The Court previously dismissed Defendants John Doe, Mary Roe, and XYZ Corporation. (Dkt. No. 34, at 13).

the Federal Rules of Civil Procedure. (Dkt. No. 64). For the following reasons, Plaintiff's motion for default judgment is granted in part and denied in part.

## II. BACKGROUND

Plaintiff brought its initial motion for default judgment on October 20, 2020. (Dkt. No. 29). The Court denied that motion due to Plaintiff's failure to comply with the procedures required under Article 13 of New York Real Property Actions and Proceedings Law ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301–1392. (Dkt. No. 34). Plaintiff filed a renewed motion for default judgment on June 10, 2021. (Dkt. No. 35). The Court denied that motion because Plaintiff had "failed to show its compliance with [N.Y. R.P.A.P.L. § 1320] or otherwise provide authority permitting it to proceed in this action without having complied with Section 1320." (Dkt. No. 42, at 6). Plaintiff subsequently obtained another clerk's entry of default as to the defaulting Defendants, and has met the procedural requirements for entry of a default judgment under Fed. R. Civ. P. 55(b)(2) and N.D.N.Y. Local Rule 55.2(b). (Dkt. Nos. 59, 62). The Court assumes familiarity with the facts of this case and applicable law, as set forth in its previous decisions. (Dkt. Nos. 34, 42).

## III. DISCUSSION

### A. Compliance with RPAPL

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015).[3] To state a valid mortgage foreclosure claim, Plaintiff must

---

[3] *See also* 42 U.S.C. § 1475(b) (providing that, in foreclosing on a rural housing loan mortgage, "the Secretary shall follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed").

first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *OneWest Bank, N.A.*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Second, Plaintiff must comply with the RPAPL service and filing requirements: (1) service of the statutory notice on the mortgagor prior to commencing the action,[4] (2) service of the statutory notice on the mortgagor with the summons and complaint,[5] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[6] (4) service of a summons containing specified language,[7] and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York C.P.L.R. § 6511(a).[8] *Id.*

As the Court previously determined in ruling on Plaintiff's initial motion for default judgment, Plaintiff established the common-law elements of a mortgage foreclosure claim and made the filing required by Section 1306 with the New York State Department of Financial Services. (Dkt. No. 34, at 7). Further, as the Court determined in ruling on Plaintiff's renewed

---

[4] Section 1304 of the RPAPL requires the lender to serve a statutory notice entitled "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY" on the borrower at least ninety days before commencing the foreclosure action. N.Y. R.P.A.P.L. § 1304; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.3.

[5] Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.4.

[6] Section 1306 of the RPAPL requires the lender to file the "New York State Department of Financial Services' form containing the borrower's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage" within three business days of mailing the Section 1304 notice. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.5.

[7] Section 1320 of the RPAPL requires the lender to serve a summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice "in boldface" that reads "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME." N.Y. R.P.A.P.L. § 1320.

[8] Section 1331 of the RPAPL requires that the plaintiff, "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. R.P.A.P.L. § 1331. New York C.P.L.R. § 6511(a) requires that, unless the complaint has already been filed in the county in which the property affected is located, the complaint must be filed with the notice of pendency. N.Y. C.P.L.R. § 6511(a).

motion for default judgment, Plaintiff provided evidence that it (1) complied with the procedural requirements of Section 1331 regarding the notice of pendency by filing a copy of the Complaint; and (2) complied with Sections 1303 and 1304, by providing evidence that the Property was vacant at the time the summons and complaint were served. (Dkt. No. 42, at 3–4).

However, Plaintiff's prior motions did not reflect that it complied with Section 1320, which requires a special summons in private residence cases. In denying Plaintiff's renewed motion for default judgment, therefore, the Court directed that Plaintiff re-serve the summons and complaint, "accompanied by the boldface notice required by N.Y. R.P.A.P.L. § 1320." (*Id.* at 8). Plaintiff has cured this deficiency in connection with the instant motion by providing evidence that Defendant Lancor was re-served with the summons and complaint, together with the Section 1320 notice, on July 12, 2022. (Dkt. No. 64, at 5; *see id.* at 92–94 (copy of the Section 1320 notice), 96–97 (affidavit and proof of service reflecting service of the Section 1320 notice)).

Accordingly, because Plaintiff has now established the common-law elements of a mortgage foreclosure claim and demonstrated compliance with the applicable RPAPL requirements, the Court grants Plaintiff's motion for default judgment against Defendant Marion Lancor.

      **B.**    **Northern Federal and Capital One**

Plaintiff alleges that Northern Federal and Capital One "have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any[,] accrued subsequently to the lien of the United States mortgage and is subsequent thereto." (Dkt. No. 1, ¶ 12). Exhibits attached to the Complaint indicate that Defendant Lancor executed a mortgage on the Property to Northern Federal on August 27, 2012, and that this mortgage was recorded in the Jefferson County Clerk's Office on September 4, 2012. (Dkt. No. 1, at 19–28).

Capital One has a transcript of judgment against Defendant Lancor which was recorded in the Jefferson County Clerk's Office on March 18, 2019. (*Id.* at 29). Plaintiff seeks an order "barr[ing] and foreclos[ing]" any right or interest Northern Federal and Capital One may have in the Property. (Dkt. No. 64, at 172).

Courts in this Circuit "regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants, or holders of subordinate mortgages." *Freedom Mortg. Corp. v. Weisblum*, No. 19-cv-2033, 2020 WL 5881235, at *6, 2020 U.S. Dist. LEXIS 152360, at *16–17 (E.D.N.Y. Aug. 19, 2020) (collecting cases), *report-recommendation adopted*, 2020 WL 5878262, 2020 U.S Dist. LEXIS 182821 (E.D.N.Y. Oct. 2, 2020). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Id.* (citation omitted).

Here, the Complaint alleges that Plaintiff's note on the Property was secured by a mortgage dated September 14, 1995 and recorded on September 15, 1995. (Dkt. No. 1, ¶¶ 4–5). Because Plaintiff's lien on the Property was recorded in the Jefferson County Clerk's Office in September 1995, any interest or lien Northern Federal or Capital One has on the Property arising out of the 2012 mortgage or 2019 judgment, respectively, is subordinate to Plaintiff's lien. Plaintiff has therefore adequately alleged nominal liability and is entitled to default judgment extinguishing any rights Northern Federal or Capital One may have had with respect to the Property. *See Christiana Bank & Trust Co. v. Dalton*, No. 06-cv-3206, 2009 WL 4016507, at *5, 2009 U.S. Dist. LEXIS 108172, at *15 (E.D.N.Y. Nov. 17, 2009) (finding that the complaint contained "well-pleaded allegations of nominal liability—*i.e.*, that any judgments the Defaulting

5

Defendants may have against Ms. Dalton or Mr. Simon, if liens on the mortgaged property, are subordinate to U.S. Bank Trust's lien.").

  **C. Monies Owed**

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Sec. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.NY. Sept. 23, 2011).

  **1. Amount Due on Note**

In connection with the instant motion for default judgment, Plaintiff seeks a total of $119,962.82 due on the note, as calculated through May 13, 2021. (Dkt. No. 64, at 12–13). This is the same amount that Plaintiff sought in its renewed motion for default judgment and which the Court previously determined was adequately supported. (Dkt. No. 42, at 7–8; *see also* Dkt. No. 64, at 122–55 (affidavit of Walter Lindsey Jr., a Lead Foreclosure Specialist with the USDA Rural Housing Service, supporting Plaintiff's request for damages)). Accordingly, the Court finds that Plaintiff is entitled to damages in the amount of $119,962.82 through May 13, 2021.

Plaintiff is also entitled to contractual interest on the unpaid balance of the note—$49,735.37—at a rate of 7.50% per annum. (*See* Dkt. No. 64, at 12–13, 16).

## 2. Fees and Disbursements

Plaintiff seeks to recover a total of $1,652.65 in "fees and disbursements," consisting of amounts expended for the civil case filing fee, paid for searches, serving the summons and complaint, the clerk's fee for filing the notice of pendency, and postal costs. (Dkt. No. 64, at 13). The mortgage provides that Plaintiff is entitled to "recover fees, costs, and disbursements incurred in protecting the Property, including attorney's fees." (*Id.*; *see id.* at 24). However, Plaintiff has not provided any supporting documentation to provide an "evidentiary basis" for the fees sought. *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234.[9] Thus, with one exception, the Court denies Plaintiff's request to recover these fees and disbursements.

Plaintiff seeks to recover $60 for the fee for filing a notice of pendency. (Dkt. No. 64, at 13 (citing CPLR 8018(d)(6), 8021(a)(10))). While Plaintiff has not provided any documentation to corroborate this expenditure, the Court will take judicial notice of Jefferson County Clerk's Office $15.00 fee for filing a notice of pendency under CPLR 8021(a)(10). *See* Jefferson County Clerk's Office, "Schedule of Fees," at 7 (Dec. 28, 2021);[10] *see also Nationstar Mortg. LLC v. Garcia*, 15-cv-1854, 2015 WL 13745693, at *7, 2015 U.S. Dist. LEXIS 176801, at *19 (N.D.N.Y. Oct. 19, 2015) (taking judicial notice of Suffolk County's $80.00 notice of pendency filing fee), *report-recommendation adopted*, 2016 WL 899268, 2016 U.S. Dist. LEXIS 30307

---

[9] The Court also notes that Plaintiff seeks to recover a $400 fee for filing a civil case. (Dkt. No. 64, at 13). Because Plaintiff is the United States, the filing fee for this action was waived, as confirmed by the civil cover sheet attached to the Complaint. (Dkt. No. 1-1, at 1); *see also United States v. Meuten*, No. 19-cv-1530, 2022 WL 1813985, at *4, 2022 U.S Dist. LEXIS 98330, at *10 (N.D.N.Y. June 2, 2022) (denying request to be reimbursed for the filing fee where the plaintiff was the United States and did not pay a filing fee).

[10] Available at https://co.jefferson.ny.us/media/Clerk/ADMIN-REF-FEE%20SCHEDULE-12.2021.pdf.

7

(E.D.N.Y. Mar. 9, 2016). Jefferson County's Schedule of Fees does not indicate any fee pursuant to CPLR 8018(d)(6). Accordingly, the Court will award Plaintiff $15.00 in costs.

### 3. Attorney's Fees

Finally, Plaintiff seeks to recover attorney's fees of $3,875.00. (Dkt. No. 64, at 13). In support of this request, Plaintiff submitted an "Affirmation of Legal Services," signed by Attorney Barry M. Weiss, detailing that this amount consists of a total flat fee of $3,500.00, $125.00 for the preparation of the 90-day notice, and $250.00 for the preparation of the clerk's entry of default. (Dkt. No. 64, at 8–11). Although Attorney Weiss indicates that "individual time sheets are not maintained," he describes some of the work performed on this matter, amounting to 9.5 hours of paralegal time and 8 hours of attorney time. (*Id.* at 9–11).

"Generally, 'courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 713 (W.D.N.Y. 2018) (citation omitted). Here, Plaintiff has not provided contemporaneous time sheets, nor has it provided information regarding which attorney or paralegal performed the work in this case, other than noting that Attorney Weiss is an "Associate." Nonetheless, "the product of a reasonable hourly rate and the reasonable number of hours required by the case creates a presumptively reasonable fee." *See Meuten*, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *10–11. It is "generally accepted that the reasonable rate for paralegal time in this District is $90 per hour," *Nationstar Mortg. LLC v. Dolan*, No. 16-cv-1360, 2019 WL 1970522, at *4 n.2, 2019 U.S. Dist. LEXIS 74942, at *11 n.2 (N.D.N.Y. May 3, 2019). Hourly rates of around $200 have been held reasonable for an associate or less experienced attorney. *See id.* (noting that an hourly fee of $200 has been held reasonable for an attorney with five years of

8

experience); *Meuten*, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *11 (noting that hourly rates of $250–$350 for "partners and experienced counsel" and $165–$200 for associates are "appropriate" and "reasonable").

Accordingly, applying a $90.00 hourly rate to the paralegal hours expended and an hourly rate of $200.00 to the attorney hours expended, the Court finds that a total of $2,455 is a reasonable amount of attorney's fees under the circumstances.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 64) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's motion for Judgment of Foreclosure and Sale (Dkt. No. 64) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

The Court will enter a Judgment of Foreclosure and Sale under separate Order.

**IT IS SO ORDERED.**

Dated: September 29, 2022
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge