UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,                    5:19-cv-936 (BKS/TWD)

v.

MARION LANCOR a/k/a MARION B. LANCOR,
NORTHERN FEDERAL CREDIT UNION, CAPITAL
ONE BANK (USA), N.A.,

                              Defendants.
_____

**Appearances:**

*For Plaintiff*:
Barry M. Weiss
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556

**Hon. Brenda K. Sannes, Chief United States District Judge:**

JUDGMENT OF FORECLOSURE AND SALE

      **IT IS HEREBY ORDERED** that Plaintiff's motion for judgment of foreclosure and sale (Dkt. No. 64) is **GRANTED in part and DENIED in part**; and it is further

      **ORDERED** that Judgment of Foreclosure and Sale is entered against Marion Lancor a/k/a Marion B. Lancor in the amount of $119,962.82, with an unpaid principal balance of $49,735.37 as of May 13, 2021, with contractual interest at the rate of 7.50% from May 13, 2021 until entry of this order and the statutory rate thereafter; and it is further

      **ORDERED** that the mortgaged premises described in the Complaint, being more commonly known as 27058 State Route 3, Watertown, NY 13601, New York, a parcel of land

improved with a single family home, be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties; and it is further

**ORDERED** that the name and phone number of the servicer for Plaintiff is: United States Department of Agriculture, 1-800-414-1226; and it is further

**ORDERED** that the mortgaged property described in the Complaint, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, in one parcel, at a public auction at 317 Washington Street, Watertown, NY 13601 by and under the direction of Yanci R. Herboldt, Esquire, 4332 Heritage Drive, Apt. B05, Liverpool, NY 13090-2037, who is hereby appointed Referee (the "Appointed Referee") for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL § 231 in the Watertown Daily Times; and it is further

**ORDERED** that the Appointed Referee shall give public notice of the time and place of sale as follows:

That the Appointed Referee shall cause to be sent by mail a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

    Marion Lancor a/k/a Marion B. Lancor
    214 W 3rd Street S
    Fulton, NY 13069

    Northern Federal Credit Union
    120 Factory Street
    Watertown, NY 13601

    Capital One Bank (USA), N.A.
    131 Portion Road
    Ronkonkoma, NY 11779; and

That the Appointed Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in Jefferson County, New York where the premises are located; and

That the Appointed Referee cause the Notice to be published once weekly for four consecutive weeks in the Watertown Daily Times, a newspaper of general circulation published in Jefferson County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property, but may refer to the property as "27058 State Route 3, Watertown, NY 13601"; and it is further

**ORDERED** that Plaintiff may, after entry of this judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums, and preservation of the Property, whether or not such advances were made prior to or after entry of judgment, so long as such advances are not included in the amount due Plaintiff awarded in this judgment, and the Appointed Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the note rate from the date of the expense until the date of entry of this Judgment and then with interest at the judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and it is further

**ORDERED** that the Plaintiff or any other party to this action may become a purchaser on such sale; and it is further

**ORDERED** that the Appointed Referee shall execute to the purchaser on such sale a deed of the premises sold and, upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, the Appointed Referee's fees and commissions on said sale not exceeding, however, the sum of $500.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $119,962.82, together with interest on the unpaid principal balance of $49,735.37 continuing at the rate of 7.500% per annum from May 13, 2021 to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same; the sum of $15.00 in recoverable costs; and an award of attorney's fees in the amount of $2,455.00, with interest on the award of attorney's fees continuing from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and it is further

**ORDERED** that in case Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to and acquired by Plaintiff and a valid assignment thereof filed with the Appointed Referee, the Appointed Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Appointed Referee of the amounts specified in in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the Appointed Referee, upon delivery to it of said Appointed Referee's deed, the amount of said surplus; and that the Appointed Referee then shall make the payments as herein directed; and it is further

**ORDERED** that the Appointed Referee take the receipt from Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale"; and it is further

**ORDERED** that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Appointed Referee's deed shall be paid by the purchaser and not the Appointed Referee from sale proceeds. The purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED** that the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on order of this Court; and it is further

**ORDERED** that the Appointed Referee make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the Appointed Referee specify the amount of such deficiency in the Appointed Referee's Report of Sale; and it is further

**ORDERED** that the purchaser on such sale shall be let into possession of the premises sold upon production of the Appointed Referee's deed to such premises; and it is further

**ORDERED** that each and every Defendant in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof; and it is further

**ORDERED** that the Appointed Referee appointed herein be served with a signed copy of the Judgment of Foreclosure and Sale; and it is further

**ORDERED** that the Clerk shall serve a copy of this Judgment of Foreclosure and Sale on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2022
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.